

FILED

May 19 2015, 5:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

James P. Fenton
Daniel G. McNamara
Eilbacher Fletcher, LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Christopher C. Myers
Christopher C. Myers & Associates
Fort Wayne, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

City of Fort Wayne,

*Appellant-Defendant,*

v.

Katie Parrish,

*Appellee-Plaintiff.*

May 19, 2015

Court of Appeals Cause No.
02A05-1408-CT-359

Appeal from the Allen Superior Court

Lower Court Cause No.
02D02-0702-CT-47

The Honorable Craig Bobay, Judge

**Pyle, Judge.**

## Statement of the Case

[1] Appellant/Defendant, City of Fort Wayne ("the City"), files an interlocutory appeal of the trial court's grant of Appellee/Plaintiff, Katie Parrish's ("Parrish"), motion in limine seeking to exclude evidence from her personal injury/tort claim trial regarding the fact that she was not wearing a seatbelt when a car in which she was a passenger was involved in an automobile

accident. On appeal, the City argues that the trial court abused its discretion when it granted Parrish's motion because evidence that she was not wearing a seatbelt when she was involved in an accident involving a Fort Wayne police officer was admissible to prove that she was guilty of contributory negligence for her injuries. In support of this argument, the City claims that Parrish was negligent per se for violating Indiana's mandatory passenger restraint act ("Seatbelt Act"). In response, Parrish argues that a violation of the Seatbelt Act cannot be used as evidence to prove fault under a theory of contributory negligence. Because we conclude that the Indiana Legislature did not clearly intend to deviate from common law when it enacted the Seatbelt Act, we agree that a violation of the Seatbelt Act may not be used to prove contributory negligence, and therefore the trial court did not abuse its discretion when it granted Parrish's motion in limine.

We affirm.

## Issue

Whether the trial court abused its discretion when it granted Parrish's motion in limine.

## Facts

On February 6, 2005, a vehicle operated by a Fort Wayne Police Department officer collided with a vehicle operated by Chad Reuille ("Reuille"). Parrish was a front seat passenger in Reuille's car and was not wearing a seatbelt at the time of the collision, although the seat where she was sitting was equipped with

a seatbelt meeting the applicable federal standards. As a result of the collision, Parrish was thrown from the vehicle and sustained physical injuries.

[3] On February 2, 2007, Parrish filed a negligence action against the City, the police officer's employer, based on the motor vehicle collision. On February 7, 2014, prior to trial, she filed a motion in limine seeking to exclude from the trial any evidence that she had not been wearing a seatbelt at the time of the accident. In her motion, she argued this evidence was inadmissible to show either her contributory negligence or her failure to mitigate damages. In response, the City argued that evidence of her seatbelt usage was admissible because Parrish had a duty to wear her seatbelt under the Seatbelt Act, and evidence of her seatbelt usage was relevant to prove that she was guilty of contributory negligence for her injuries. On May 30, 2014, the trial court granted Parrish's motion in limine. The City now files this interlocutory appeal.

## Decision

[4] On appeal, the City argues that the trial court abused its discretion when it granted Parrish's motion in limine because, according to the City, evidence that Parrish was not wearing a seatbelt at the time of the collision was admissible to prove her contributory negligence for her injuries. In response, Parrish argues that the seatbelt defense may not be used under Indiana law to prove contributory negligence in her tort claim action against the City. She also asserts that, even if she was negligent, such negligence was not actionable

because her lack of a seatbelt was not the proximate cause of the automobile accident.

[5] The grant or denial of a motion in limine is within the sound discretion of the trial court and is an adjunct of the power of trial courts to admit and exclude evidence. *Hopper v. Carey*, 716 N.E.2d 566, 570 (Ind. Ct. App. 1999), *trans. denied.* The objectionable occurrence in denying a motion in limine is the improper admission of items into evidence. *Id.* Therefore, when reviewing a grant or denial of a motion in limine, we apply the standard of review for the admission of evidence, which is whether the trial court abused its discretion. *Id.* We will find that a trial court has abused its discretion when its decision is clearly against the logic and effect of the facts and circumstances before the court. *Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038, 1047 (Ind. Ct. App. 2007).

[6] This case revolves around the question of whether Parrish was contributorily negligent because she was not wearing her seatbelt during the automobile collision. Tort claims against governmental units such as the City are subject to the common law principle of contributory negligence because Indiana's Comparative Fault Act does not apply to such entities. *St. John Town Bd. v. Lambert*, 725 N.E.2d 507, 516 (Ind. Ct. App. 2000); IND. CODE § 34-51-2-2 (providing that the Comparative Fault Act does not apply "in any manner to tort claims against governmental entities . . ."). Contributory negligence allows a defendant to escape liability if he or she can show that the plaintiff was also negligent and that the plaintiff's negligence was a responsible cause of his or her

injuries. *See Hopper*, 716 N.E.2d at 573. The plaintiff's actions do not need to be the sole cause of the injuries. *Id.* In fact, under common law principles, any contributory negligence on the plaintiff's part, no matter how slight, will bar *all* recovery provided that the plaintiff's negligence actually caused his or her injuries. *St. John Town Bd.*, 725 N.E.2d at 516. As a result, the City hopes to escape its alleged liability by arguing that Parrish's failure to wear a seatbelt was, in some way, the cause of the automobile accident.

[7] Specifically, the City asserts that Parrish was negligent per se because she violated the duty of care established by the Seatbelt Act. Negligence per se is the unexcused or unjustified violation of a duty prescribed by statute where the statute is intended to protect the class of persons in which the plaintiff is included and to protect against the type of harm which has occurred as a result of the violation. *Price v. Kuchaes*, 950 N.E.2d 1218, 1234 (Ind. Ct. App. 2011) (citing *Plesha v. Edmonds ex rel. Edmonds*, 717 N.E.2d 981, 986 (Ind. Ct. App. 1999)), *trans. denied.* At the time of the collision in this case, the Seatbelt Act provided that:

> Each front seat occupant of a passenger motor vehicle that is equipped with a safety belt meeting the standards stated in the Federal Motor Vehicle Safety Standard Number 208 (49 CFR 571.208) shall have a safety belt properly fastened about the occupant's body at all times when the vehicle is in forward motion.

IND. CODE § 9-19-10-2 (2005).[1]  However, the statute also provided that:

> (a) Failure to comply with section 1, 2, 3, or 4 of this chapter does not constitute fault under [INDIANA CODE §] 34-51-2, [the Indiana Comparative Fault Act,] and does not limit the liability of an insurer.

> (b) Except as provided in subsection (c), evidence of the failure to comply with section 1, 2, 3, or 4 of this chapter may not be admitted in a civil action to mitigate damages.

> (c) Evidence of a failure to comply with this chapter may be admitted in a civil action as to mitigation of damages in a product liability action involving a motor vehicle restraint or supplemental restraint system.  The defendant in such an action has the burden of proving noncompliance with this chapter and that compliance with this chapter would have reduced injuries, and the extent of the reduction.

I.C. § 9-19-10-7 (2005).  Both parties acknowledge, in light of section 7(a) of the Seatbelt Act, a person's failure to wear a seatbelt or noncompliance with the Seatbelt Act cannot be used to prove the negligence of parties that are subject to the Comparative Fault Act.  However, the City argues that, because it is not subject to the Comparative Fault Act, it may use the Seatbelt Act to prove that Parrish had a statutory duty to wear her seatbelt and, thus, was negligent per se under common law.

---

[1] The legislature has since amended the language of this provision, but its substance has not changed in any respect that is relevant to this case.

[8] The question of whether seatbelt usage may be used as evidence to support contributory negligence has been addressed extensively, although not conclusively, by Indiana courts. *See Hopper*, 716 N.E.2d at 571-73 (discussing the history of the seatbelt defense in contributory negligence claims). Most recently, our Indiana Supreme Court addressed the issue in *State v. Ingram*, 427 N.E.2d 444 (Ind. 1981), and we addressed the issue in *Hopper*.

[9] In *Ingram*, our supreme court considered a slightly different issue—whether a defendant could use the seatbelt defense to limit a plaintiff's recovery. There, the defendant had tendered a jury instruction that read, in part: "If you find from a consideration of all the evidence that the using and fastening of seatbelts would have avoided or minimized the resulting damage, then the person wronged cannot recover for any item of damage which could have been avoided or minimized." *Ingram,* 427 N.E.2d at 447. Our supreme court held that the trial court's refusal of this instruction had been proper because evidence that a plaintiff had not worn a seatbelt in an automobile accident could not be used to limit that plaintiff's damages on the basis that the plaintiff had failed to mitigate his or her injuries. *Id.* at 448. The Court's reasoning was that "[t]he act of buckling a [seatbelt] is an act the injured party must perform before the injury causing the act occurs" and "the question of whether mitigation of damages has occurred looks to the acts of the injured party only after the injury has occurred." *Id.*

[10] Significantly, the *Ingram* Court noted that the Indiana Legislature had not enacted a provision *requiring* automobile passengers to wear seatbelts. The

Court stated that "[a]bsent a clear mandate from the legislature to require Indiana automobile riders to wear [seatbelts], [it was] not prepared to step into the breach and judicially mandate such conduct." *Id.*

[11] Subsequently, in *Hopper*, we addressed a situation more analogous to the instant case. The plaintiff there, Hopper, filed a personal injury claim based on injuries he and his son received as a result of an accident while Hopper was driving a fire truck water tanker with his son for the Johnson Township Volunteer Fire Department. *Hopper,* 716 N.E.2d at 569. The run was a non-emergency run, and the accident occurred when one of the defendants passed the truck in a car, causing the fire truck to run off the road and overturn. *Id.* In his claim, Hopper named multiple defendants, including the Scott County Highway Department. *Id.* Prior to the trial on the claim, these defendants filed a motion requesting an order stating that evidence that Hopper and his son had not been wearing their seatbelts at the time of the accident was admissible to demonstrate their fault. *Id.* The trial court granted the motion, and Hopper filed an interlocutory appeal. *Id.*

[12] On appeal, this Court analyzed *Ingram* and the history of the seatbelt defense in the context of contributory negligence in Indiana. *Id.* at 571-73. Because the Highway Department was a governmental entity, common law applied to the Hoppers' claim, as in the instant case. *Id.* at 573. Based on our analysis of the seatbelt defense, we concluded that under common law alone, automobile occupants did not have a duty to wear seatbelts. *Id.* at 573-74. Our reasoning

for this conclusion was based on the principle that under the common law, a plaintiff does not have a duty to anticipate the negligence of another. *Id.* at 573.

[13] However, the defendants in *Hopper* also noted that, after *Ingram*, the Indiana Legislature had enacted the Seatbelt Act. *Id.* at 574. They argued that the Seatbelt Act was the requisite statutory mandate contemplated by the *Ingram* Court. *Id.* Ultimately, we determined that the Seatbelt Act did not apply to the Hoppers because trucks were not included within the definition of "passenger motor vehicle" governed by the Act. *Id.* Nevertheless, in dicta we noted that, although the legislature had enacted the Seatbelt Act, it had also provided that the Act could not be used to determine fault under the Comparative Fault Act. *Id.* As a result, we reasoned:

> We are presented with an interesting dilemma. The legislature has spoken on a passenger's duty to wear a seatbelt, however, that duty cannot be used to demonstrate fault and does not apply to Hopper. Based on the language of *Ingram*, we must conclude that the Indiana Legislature has not altered the common law. Our supreme court stated that no duty to wear a seatbelt would be recognized absent "a clear mandate from the legislature." The legislative enactments since *Ingram* are anything but clear. Not only does the requirement to wear seatbelts not apply to the present case, but where the legislature so required, it specifically stated that such evidence cannot be used to demonstrate fault. Accordingly, we find the state of the law with regard to the seatbelt defense today as the supreme court found it in *Ingram*: there is no duty, common law or otherwise, for an occupant of a truck to wear a seatbelt.

*Id.* at 574-75 (internal citations omitted).

[14] As the City notes, our decision in *Hopper* was dicta with respect to vehicles that are governed by the Seatbelt Act. *See id.* Still, we find the same analysis persuasive here. Like we noted in *Hopper*, our Indiana Supreme Court held in *Ingram* that it would not recognize a duty to wear a seatbelt absent "a clear mandate from the legislature." *Ingram,* 427 N.E.2d at 448. The Seatbelt Act established a clear mandate from the legislature for passengers in passenger motor vehicles to wear seatbelts, but it also stated that its mandate should not be used to demonstrate fault. While this provision does not apply to the City as it is exempt from the Comparative Fault Act, the Seatbelt Act did not expressly establish that its provisions *could* be used to establish fault outside of the Comparative Fault Act. In contrast, in the same section of the Seatbelt Act the legislature was clear in establishing that seatbelt evidence could be used to mitigate damages in a products liability action involving a seatbelt system. I.C. § 9-19-10-7.

[15] It is a well-established principle of statutory interpretation that where a statute is in derogation of the common law, we must construe it strictly against the expansion of liability. *See Durham ex rel. Estate of Wade v. U-Haul Int'l*, 745 N.E.2d 755, 759 (Ind. 2001) (discussing this principle of statutory interpretation in the context of the Wrongful Death Act), *reh'g denied.* Accordingly, as there has not been a clear mandate from the legislature stating that seatbelt usage may be used to prove fault under the common law, we conclude that the legislature has not altered common law. Therefore, we also conclude that the trial court here did not abuse its discretion in granting Parrish's motion in

limine, because her failure to use her seatbelt could not be used to prove her contributory negligence.[2]

Affirmed.

Barnes, J., and May, J., concur.



[2] Because we have found that the Seatbelt Act may not be used to prove negligence per se, we need not address Parrish's argument that her lack of a seatbelt was not the proximate cause of her injuries.