

ATTORNEYS FOR APPELLANTS

Jeffrey J. Stesiak
James P. Barth
Pfeifer, Morgan & Stesiak
South Bend, Indiana

ATTORNEY FOR APPELLEE

Adam C. Hawkins
Staff Counsel for Farmers
Insurance Exchange and Affiliates
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

Brenda and John Stachowski,

*Appellants-Plaintiffs,*

v.

Estate of Daniel Radman,

*Appellee-Defendant*

March 14, 2018

Court of Appeals Case No.
71A05-1708-CT-1776

Appeal from the St. Joseph
Superior Court

The Honorable Jenny Pitts Manier,
Judge

Trial Court Cause No.
71D05-1603-CT-144

**Vaidik, Chief Judge.**

[1] In this case we address the difference between (1) a negligence-per-se claim, in which a plaintiff argues that the defendant's violation of a statute or ordinance suffices to prove breach of an existing common-law duty of reasonable care, and (2) a private-right-of-action claim, in which a plaintiff asserts that a statute or ordinance, itself, created an enforceable duty.

[2]     Brenda and John Stachowski have sued the Estate of Daniel Radman for negligence, claiming that Brenda fell through an allegedly rotten handrail on the deck of a home in South Bend that the Stachowskis were renting from Radman (the Stachowskis originally named Radman as the defendant in their suit but substituted the Estate after learning that Radman had died).  The Estate filed a motion for summary judgment, arguing that Radman did not have a duty to maintain the handrail.  The trial court granted the Estate's motion, and the Stachowskis appeal.

[3]     An action for negligence has three elements: "(1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty."  *Yost v. Wabash College*, 3 N.E.3d 509, 515 (Ind. 2014).  The Stachowskis concede that Radman did not owe them a common-law duty to maintain the rental home in a safe condition once they took possession.  *See Zubrenic v. Dunes Valley Mobile Home Park, Inc.*, 797 N.E.2d 802, 806 (Ind. Ct. App. 2003) ("Generally, the common law does not impose a duty upon a landlord to protect tenants from injuries due to defective conditions on the property once possession and control of the property has been surrendered."), *trans. denied*.[1]  Instead, they argue that a South Bend ordinance required Radman to maintain the handrail and that Radman therefore owed them a duty

---

[1] There are exceptions to this general rule (repairs the landlord agrees to do, latent defects known to the landlord but not to the tenant, maintenance of common areas, *see Zubrenic*, 797 N.E.2d at 806), but none of them apply in this case.  In addition, a lease agreement might impose certain maintenance responsibilities on a landlord, but the Stachowskis did not have a written lease with Radman.

under the doctrine of negligence per se. Under that doctrine, the unexcused violation of a statute or ordinance constitutes negligence per se if the provision (1) "protect[s] the class of persons in which the plaintiff is included" and (2) "protect[s] against the type of harm which has occurred as a result of the violation." *City of Fort Wayne v. Parrish*, 32 N.E.3d 275, 277 (Ind. Ct. App. 2015), *trans. denied*.

[4] But the doctrine of negligence per se doesn't concern the **duty** element of a negligence action; rather, the doctrine assumes the existence of a common-law duty of reasonable care, and the court is asked to adopt the standard of conduct set forth in a statute or ordinance (often a criminal or regulatory provision) as the standard of conduct required under that preexisting duty, so that a violation of the statute or ordinance serves to satisfy the **breach** element of a negligence action. In other words, a finding of negligence per se merely represents a judicial acceptance of "the legislative judgment that acts in violation of the statute constitute unreasonable conduct." *Cook v. Whitsell-Sherman*, 796 N.E.2d 271, 276 (Ind. 2003). As then-Justice Rush recently explained, "In a negligence per se action, the statute [or ordinance] supplies a defendant's standard of care—the second element in a tort claim. The negligence per se defendant already owes a duty to use reasonable care without reliance on the statute [or ordinance]." *F.D. v. Ind. Dep't of Child Servs.*, 1 N.E.3d 131, 143 n.12 (Ind. 2013) (Rush, J., dissenting) (citing 1 Dan B. Dobbs et al., The Law of Torts § 148 (2d ed. 2011) (explaining that negligence-per-se defendant "must be under a duty to use reasonable care; if he is not, violation of the statute cannot prove breach of

duty") and Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 38 cmt. d (2012) (explaining that negligence-per-se defendant is subject to duty of reasonable care "even without reliance on the statute")). In short, a plaintiff cannot rely on the doctrine of negligence per se to satisfy the duty element of a negligence claim.

[5] The Stachowskis cite this Court's decision in *Dawson by Dawson v. Long*, where the majority concluded that a landlord's violation of various Marion County property-maintenance ordinances (including one relating to handrails) constituted negligence per se. 546 N.E.2d 1265, 1268-69 (Ind. Ct. App. 1989), *reh'g denied, trans. denied*. In doing so, the majority did not first address whether the landlord owed a common-law duty to the plaintiff, nor did it respond to the dissent's point that landlords generally don't owe a common-law duty to repair and maintain. To the extent that *Dawson* stands for the proposition that the doctrine of negligence per se is relevant to the duty element of negligence, we believe it was wrongly decided.[2]

---

[2] But even if we were to analyze the Stachowskis' claim under *Dawson*, we would still affirm the trial court's grant of summary judgment in favor of the Estate. As already noted, a statute or ordinance can support a claim of negligence per se only if the provision protects the class of persons in which the plaintiff is included and protects against the type of harm that occurred as a result of the violation. *Parrish*, 32 N.E.3d at 277; *see also Dawson*, 546 N.E.2d at 1268 (framing issue as whether statute or ordinance "was designed to protect the class of persons in which the plaintiff is included against the risk of the type of harm which has occurred as a result of its violation"). Here, the Stachowskis did not address that well-settled, two-prong standard in their opening brief. They alluded to it in their reply brief, but only in passing. By failing to address the controlling standard until their reply brief, and by failing to address the standard in a cogent manner even then, the Stachowskis waived any negligence-per-se argument they might have had under *Dawson*. *See U.S. Gypsum, Inc. v. Ind. Gas Co.*, 735 N.E.2d 790, 797 n.5 (Ind. 2000) ("[A]n argument raised for the first time in a reply brief is waived."); *Merrill v. State*, 716 N.E.2d 902, 904 n.2 (Ind. 1999) (finding appellate claim waived where appellant "failed to make a cogent argument"); *see also* Ind. Appellate Rule 46(A)(8)(a).

[6] When a plaintiff claims that the violation of a statute or ordinance gives rise to civil liability even in the absence of a common-law duty, the issue should be framed as whether the statute or ordinance confers a "private right of action"— a concept that is related to but distinct from the doctrine of negligence per se. Whereas a negligence-per-se plaintiff claims that a statute or ordinance should establish the applicable standard of conduct required under an existing duty of reasonable care, *see Cook*, 796 N.E.2d at 275, the issue when a plaintiff claims a private right of action is whether the legislative body intended to establish not just a standard of conduct but a duty enforceable by tort law, *see, e.g., Estate of Cullop v. State*, 821 N.E.2d 403, 408 (Ind. Ct. App. 2005) (explaining that existence of statutory duty does not necessarily mean that plaintiff "may enforce this duty in a private cause of action"), *reh'g denied*; *Cuyler v. United States*, 362 F.3d 949, 952 (7th Cir. 2004) ("[T]he mere fact that a statute **defines** due care does not in and of itself create a duty enforceable by tort law.").

[7] If the Stachowskis meant to assert that the South Bend handrail ordinance confers a private right of action, they missed the mark. As with negligence per se, we have a well-established standard for determining whether a legislative body intended to confer a private right of action. Absent an express right of action, the primary considerations are (1) whether the statute or ordinance was designed to protect particular individuals or the public in general and (2) whether it includes an independent enforcement mechanism. *Doe #1 v. Ind. Dep't of Child Servs.*, 81 N.E.3d 199, 202-04 (Ind. 2017); *Estate of Cullop*, 821 N.E.2d at 408. The Stachowskis never address that standard in their briefs, so

they waived any private-right-of-action claim they might have had. *See* Ind. Appellate Rule 46(A)(8)(a) (requiring that the appellant's arguments be supported by "cogent reasoning" and citations to the authorities relied on); *Merrill v. State*, 716 N.E.2d 902, 904 n.2 (Ind. 1999) (finding appellate claim waived where appellant "failed to make a cogent argument").

[8] Affirmed.

May, J., and Altice, J., concur.