NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2019[*]
Decided June 28, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1338

| | |
|---|---|
| DEBORAH WALTON,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>FIRST MERCHANTS BANK, *et al.*,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:18-cv-01784-JRS-DLP<br><br>James R. Sweeney II,<br>*Judge*. |

**O R D E R**

Deborah Walton sued First Merchants Bank, its general counsel, and its CEO for allegedly discriminating against her in violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691–1691f. She also asserted that the defendants negligently shared her personal information without her consent. The district court dismissed the complaint

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

for failure to state a claim, and Walton appeals. Because Walton did not plausibly state a claim for race discrimination or negligence, we affirm.

The amended complaint was dismissed under Federal Rule of Civil Procedure 12(b)(6), so we recount the facts as alleged in the complaint and its exhibits, making all reasonable inferences in Walton's favor. *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 682–83 (7th Cir. 2018). We construe her pro se complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

This suit arises from two disparate sets of events. In 2017, Walton sued the Bank for allegedly violating the Telephone Consumer Protection Act, 47 U.S.C. § 227. During the litigation, the Bank shared all her personal information, including her account numbers and Social Security number, with the law firm representing it. In turn, the Bank's lawyers publicly disclosed that information by filing unredacted documents on the electronic court docket, handing them to a court reporter during a deposition, and mailing a CD containing the documents to Walton herself. Walton alleges that these disclosures were negligent under Indiana law.

Walton also had ongoing customer-service difficulties with the Bank, where she held checking and savings accounts and a personal loan. She alleges that, at various times, the Bank did not allow her to make deposits or withdraw available funds, failed to apply her loan payments, did not mail her statements to her, and ultimately closed her accounts without providing a reason. Walton, who is African American, claims that these events constitute race discrimination in violation of the Equal Credit Opportunity Act. She alleges that the defendants "have not treated White Customers in the same manner they have treated Black customers when it comes to Equal Credit Opportunities" and that they "have given other Customers that are not Black the benefit of protecting their personal information." Because the defendants violated the Act, she added, they were also negligent per se under Indiana law.

The district judge dismissed the amended complaint with prejudice. Walton had failed to state a negligence claim for multiple reasons, the judge said, including that she did not show that the defendants had breached any duty to her or that she had incurred any compensable injury. The judge also concluded that Walton had failed to state a claim under the Equal Credit Opportunity Act because she had not alleged that the Bank "mistreated her *because* of her race," and her allegations of discrimination were conclusory. Without a claim that the defendants violated the Act, Walton could not proceed on a claim that the defendants were negligent per se. Finally, the judge ordered

Walton, who had filed at least 20 cases in the district since 2003, to show cause why she should not be sanctioned for filing a frivolous lawsuit. *See* FED. R. CIV. P. 11(b)(1), (2).[1]

On appeal, Walton restates the allegations in her amended complaint and argues that she would have prevailed if she had been allowed to proceed to discovery. We review de novo the dismissal of a complaint under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 532–33 (7th Cir. 2011). A complaint must contain a short and plain statement of a claim, with factual allegations "sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby,* 135 S. Ct. 346, 347 (2014); *see also* FED. R. CIV. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Equal Credit Opportunity Acts bans discrimination against any applicant, with respect to any aspect of a credit transaction, on the basis of race. 15 U.S.C. § 1691(a)(1). Therefore, Walton needed to allege that she was an "applicant" and that the defendants treated her less favorably because of her race. *See Estate of Davis*, 633 F.3d at 538. But it is unclear whether Walton was an "applicant" of the Bank as defined in 15 U.S.C. § 1691a(b); she was, as best we can tell, a customer; she was not someone seeking "an extension, renewal, or continuation of credit."

Even if Walton can be considered an "applicant" under the Act, nothing in her complaint renders it plausible that the problems she encountered resulted from race discrimination. We have made it clear that plaintiffs alleging race discrimination need not provide great detail to state a claim. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (concluding that identifying the type of discrimination, when it occurred, and the perpetrator was sufficient); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014). But even though the burden was not high, Walton's complaint fell short.

Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully"; plaintiffs must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *West Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). Here, Walton has alleged no facts suggesting discrimination. She only describes various

---

[1] Before Walton responded to the order to show cause, she appealed on the day after her complaint was dismissed with prejudice. That raised the possibility that the district court's decision was not "final." *See* 28 U.S.C. § 1291. But we determined, after the parties' briefing, that the district court retained jurisdiction over its order to show cause and that we would proceed to the merits.

problems with the Bank's administration of her accounts. She identifies no Bank employees—not even the individual defendants—who acted in a discriminatory manner. The only allusions to race are her two statements that white customers were not mistreated. But no factual content supports this allegation or explains her awareness of how the Bank allegedly treats its white customers. Her bare statements that the alleged customer-service failures were "clear" discrimination are insufficient. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 886 (7th Cir. 2012) ("The assertion is merely a conclusion, unsupported by the necessary *factual* allegations to support a reasonable inference of discriminatory intent.") (citing *Iqbal*, 556 U.S. at 679).

Walton's claims under Indiana law also fail. A claim of negligence per se requires plaintiffs to show that the defendant violated a statute without an excuse. *Stachowski v. Estate of Radman*, 95 N.E.3d 542, 544 (Ind. Ct. App. 2018). Here, there is no credible violation of the Act. And Walton's argument that she stated a common-law negligence claim premised on the sharing of her personal information is frivolous. The defendants permissibly shared her personal information with the attorneys representing them in a lawsuit that Walton filed against them. It is those attorneys, not the defendants, whom Walton accuses of then disclosing the information without her consent. In any case, the Bank did not act unreasonably because the attorneys representing it were statutorily authorized to acquire her information. 15 U.S.C. § 6802(e)(4). The one possible misstep—filing an unredacted document—was, again, not the action of the defendants and was, in any case, quickly remedied.

                                                                                                                    AFFIRMED