



FILED

Apr 29 2024, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Chris A. Kelly,

*Appellant-Defendant*

v.

Indiana Bureau of Motor Vehicles,

*Appellee-Plaintiff*

---

April 29, 2024

Court of Appeals Case No.
23A-CT-2799

Appeal from the Marion Superior Court

The Honorable Kurt M. Eisgruber, Judge

Trial Court Cause No.
49D06-2301-CT-3437

---

**Opinion by Judge Bailey**
Judges Crone and Pyle concur.

**Bailey, Judge.**

# Case Summary

[1] Chris Kelly appeals the trial court order granting the Indiana Bureau of Motor Vehicles's ("the BMV") motion to dismiss his negligence complaint for failure to state a claim upon which relief may be granted.[1] We reverse and remand for further proceedings.

# Issues

[2] Kelly raises one issue, which we restate as the following two issues:

> I. Whether the trial court erred when it dismissed his complaint on the grounds that the BMV does not owe him a duty of care as a matter of statutory and/or common law.

> II. Whether the trial court erred when it dismissed his complaint based on his alleged contributory negligence.[2]

# Facts and Procedural History

---

[1] The BMV filed its motion as a motion for judgment on the pleadings per Indiana Trial Rule 12(C). As the parties agree, the trial court correctly treated the BMV's motion as a motion to dismiss for failure to state a claim. *See, e.g.*, *Mourning v. Allison Transmission, Inc.*, 72 N.E.3d 482, 484 (Ind. Ct. App. 2017) (noting when a defense of failure to state a claim is raised under Trial Rule 12(C), the court must treat the motion as a motion to dismiss under Trial Rule 12(B)(6)).

[2] Kelly also raises the issue of whether his claim was barred under the doctrine of *res judicata*. However, the BMV abandons that defense on appeal, *see* Appellee Br. at 6; therefore, we do not address it.

[3]    In August 2020, Kelly, who holds a driver's license issued by the BMV, was pulled over by police officers in Indianapolis in relation to two (2) minor traffic infractions. On November 17, 2020, Kelly met with Lucas Neikamp of the Marion County Prosecutor's Office, who represented to Kelly that the necessary steps had been taken to "delete [the] conviction[s] and failure to pay" from Kelly's driving record. App. at 7.

[4]    On January 29, 2021, Kelly learned that the BMV had not cleared his driving record when he was pulled over in Carmel, Indiana and his car was towed because his driver's license had been suspended. Until then, Kelly was not aware that the BMV had not corrected his driving record or that his driver's license had been suspended. On February 6, 2021, Kelly contacted Neikamp to inquire as to why the BMV had not cleared the infractions from Kelly's driving record, and Neikamp renewed his request that the BMV correct Kelly's record.

[5]    As of March 15, 2021, the BMV still had not corrected Kelly's driving record, which Kelly learned when he lost an employment opportunity for which he had been interviewing because the prospective employer reviewed Kelly's driving record and discovered that Kelly's license was still suspended. As of May 24, 2021, the BMV still had not corrected Kelly's driving record, which Kelly learned when he was again pulled over in Carmel, Indiana for driving with a suspended driver's license. Kelly paid "more than $1000" in fines for the tickets he was given when he was pulled over in Carmel on May 24, 2021. *Id*. at 8.

[6]     On January 27, 2023, Kelly filed, pro se, a complaint against the BMV in which he alleged negligence and resulting damages. In addition to alleging the above facts, the complaint also alleged that Kelly's profession is "outside sales[,] which requires a valid drivers license." *Id*. Kelly further alleged under "Count I: Negligence" that the BMV owed him "a duty of care to ensure [his] drivers license status is up to date and correct" and "breached" that duty by "fail[ing] to correct mistake[s]" made on Kelly's driving record. *Id*. at 9. Kelly asserted that the BMV's failure violated Indiana Code Sections 9-14-12-2 and 9-14-12-3. Kelly further asserted that, due to the BMV's negligence, Kelly had "not been able to work in his field[,]" which "has caused physical, mental, and financial harm to [Kelly] and his family." *Id*.

[7]     On August 28, 2023, the BMV filed a motion for judgment on the pleadings in which it argued that Kelly's negligence claim should be dismissed because "[t]here is no private right of action available" to Kelly under the statutes cited in the complaint. *Id*. at 19. In its supporting memorandum, the BMV further asserted that Kelly's negligence claim should be dismissed due to Kelly's alleged "contributory negligence." *Id*. at 26-27.

[8]     Following briefing by the parties,[3] on October 26, 2023, the trial court issued its order treating the BMV's motion as a motion to dismiss and granting that

---

[3] Kelly has been represented by legal counsel since March 31, 2023.

motion without stating a particular basis for doing do. Kelly did not seek to amend his complaint[4] but timely filed this appeal.

# Discussion and Decision

## Motion to Dismiss/Negligence Claim

[9] Kelly appeals the trial court order dismissing his complaint "pursuant to IN TR 12(B)(6)[,]" i.e., failure to state a claim upon which relief may be granted. Appealed Order. We review such decisions de novo. *E.g.*, *Bergal v. Bergal*, 153 N.E.3d 243, 251 (Ind. Ct. App. 2020), *trans. denied*.

[10] A motion to dismiss under Trial Rule 12(B)(6)

> tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *See Kitco, Inc. v. Corp. for Gen. Trade*, 706 N.E.2d 581 (Ind.Ct.App.1999). Thus, while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred.
>
> A court should "accept[ ] as true the facts alleged in the complaint," *Minks v. Pina*, 709 N.E.2d 379, 381 (Ind.Ct.App.1999), and should not only "consider the pleadings

---

[4] When a motion to dismiss for failure to state a claim under Trial Rule 12(B)(6) is granted, the plaintiff may amend the complaint within ten days "and thereafter with permission of the court." Ind. Trial Rule 12(B). Alternatively, the plaintiff may "'elect to stand upon the complaint'" and appeal from the order of dismissal. *DeCola v. Steinhilber*, 207 N.E.3d 440, 447 (Ind. Ct. App. 2023) (quoting *England v. Dana Corp.*, 259 N.E.2d 433, 436 (Ind. Ct. App. 1970)). Kelly chose the latter approach.

in the light most favorable to the plaintiff," but also "draw every reasonable inference in favor of [the non-moving] party." *Newman v. Deiter*, 702 N.E.2d 1093, 1097 (Ind.Ct.App.1998).

*Trail v. Boys and Girls Clubs of N.W. Ind.*, 845 N.E.2d 130, 134 (Ind. 2006).

[11] A dismissal is "'improper under 12(B)(6) unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief.'" *Anonymous Physicians 1 v. White*, 153 N.E.3d 272, 277 (Ind. Ct. App. 2020) (internal quotation marks omitted) (quoting *Bellwether Prop., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 466 (Ind. 2017)). Thus, "dismissals under T.R. 12(B)(6) are rarely appropriate." *Id.* (internal quotation marks omitted) (quoting *State v. Am. Fam. Voices, Inc.*, 898 N.E.2d 293, 296 (Ind. 2008)).

[12] Indiana is a notice-pleading state and only requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and [] a demand for relief…" Ind. Trial Rule 8(A). Our "notice-pleading system does not require a pleading to adopt a specific legal theory of recovery to be adhered to throughout the case." *Winters v. Pike*, 171 N.E.3d 690, 697 (Ind. Ct. App. 2021). Rather, Indiana Trial Rule 8 "merely requires pleading the operative facts so as to place the defendant on notice concerning the evidence to be presented at trial." *Id.*; *see also Waldrip v. Waldrip*, 976 N.E.2d 102, 116 (Ind. Ct. App. 2012):

> [Trial Rule 8] does not require a complaint to recite in detail all of the facts upon which the claim is based. *Trail v. Boys & Girls Clubs of Northwest Indiana*, 845 N.E.2d 130, 141 (Ind. 2006). Rather, "a complaint is sufficient if it states any set of allegations,

no matter how unartfully pleaded, upon which the trial court could have granted relief." *Id*. A plaintiff need only provide a clear and concise statement that will give notice to defendants as to what has allegedly taken place and the theory or theories the plaintiff plans to pursue. *Id*.

Thus, our Supreme Court has concluded that, "although highly desirable, a precise legal theory in pleading—a principle connecting a claim to the relief sought—is not required." *ResCare Health Serv., Inc. v. Ind. Fam. & Soc. Serv. Admin.*, 184 N.E.3d 1147, 1153 (Ind. 2022) (quotation and citation omitted).

[13] Here, Kelly's complaint alleges that: the BMV has a duty to keep his driving records updated and correct; the BMV breached that duty by failing to keep his driving records updated and correct; and the BMV's negligence prevented him from obtaining employment, thereby causing him damages. While the complaint certainly could have provided more details as to how and at what points in time Kelly's driving record was incorrect, the lack of specific detail is not a basis upon which to dismiss the complaint. *See, e.g.*, *ResCare Health Serv.*, 184 N.E.3d at 1153; *Waldrip*, 976 N.E.2d at 116. The complaint puts the BMV on notice as to what has taken place and that Kelly plans to pursue a negligence theory; that is sufficient under our notice-pleading rule.

[14] However, the BMV contended below—and the trial court apparently agreed— that, even taking all the factual allegations as true, the complaint fails to state a legally cognizable claim because there is no statutory "private right of action" or common law action for negligence in failing to keep correct driving records. Appellee's Br. at 13.

[15] Kelly's complaint asserts that the BMV was negligent when it failed to keep a correct driving record for him as required under Indiana Code Sections 9-14-8-1, et seq.,[5] 9-14-12-2, and 9-14-12-3. Indiana Code Section 9-14-12-2 provides that the BMV "shall maintain" certain records, including "all driving records maintained by the [BMV] under section 3 of this chapter." Section 3 of that chapter provides, in relevant part:

> (a) For each individual licensed by the bureau to operate a motor vehicle, the bureau shall create and maintain a driving record that contains the following:
>
> (1) The individual's convictions for any of the following:
>
> > (A) A moving traffic violation.
> >
> > ***
>
> (2) Any administrative penalty imposed by the bureau.
>
> (3) Any suspensions, revocations, or reinstatements of the individual's driving privileges, license, or permit….

[16] Kelly first maintains that his complaint stated a claim for common law negligence. While the complaint referred to specific statutes and did not use the words "common law," it did allege, generally, that "Defendant breached the

---

[5] Ind. Code 9-14-8 is the chapter regarding the Powers and Duties of the BMV and the Commissioner. Kelly's complaint did not cite a specific section of that chapter.

duty of care [it is] required to provide." App. at 9. As we have repeatedly held in other cases, our notice pleading system "does not require a pleading to adopt a specific legal theory to be adhered to throughout the case," *Winters*, 171 N.E.3d at 697, and a pleading suffices if it puts the defendant on notice as to "the theory or theories the plaintiff plans to pursue," *Waldrip*, 976 N.E.2d at 116. Drawing every reasonable inference in Kelly's favor, as we must, Kelly's complaint put the BMV on notice that he plans to pursue a negligence theory. *See, e.g., Trail*, 845 N.E.2d 134. And, whether it is negligence at common law[6] or pursuant to a statute, the negligence claim involves the same elements, i.e., (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's injuries. *See, e.g., Gresser v. Reliable Exterminators, Inc.*, 160 N.E.3d 184, 190 (Ind. Ct. App. 2020), *trans. denied*. Kelly's complaint alleges such negligence. Thus, the trial court erred to the extent it dismissed Kelly's complaint because it failed to state a common law negligence claim upon which relief may be granted.

[17] Kelly also asserts that, "[i]n addition to its common law duty of care, the BMV owes a specific duty to maintain accurate driving records in accordance with" the above-references statutes.[7] Appellant' Br. at 10. The BMV maintains that

---

[6] As Kelly points out, *Benton v. City of Oakland City* states that "we presume" a government unit is bound by a "duty to use ordinary and reasonable care under the circumstances[,]" with a few exceptions that are not applicable here. 721 N.E.2d 224, 230 (Ind. 1999). The BMV provides no authority for its claim that common law negligence does not apply to its actions in this case, nor does it assert that it falls into one of the limited exceptions discussed in *Benton*.

[7] A defendant may be liable under both statutes and common law unless the statutes specifically eliminate common law liability. *See WEOC, Inc. v. Niebauer*, 226 N.E.3d 771, 177-78 (Ind. 2024). The statutes at issue

Kelly has failed to state a statutory negligence claim because the cited statutes do not confer a "private right of action."[8]

> For a plaintiff to have a private right of action to sue a defendant for alleged violation of a statute, the plaintiff must demonstrate the legislature that passed the statute "intended to establish not just a standard of conduct but a duty enforceable by tort law." [*Stachowski v. Estate of Radman*, 95 N.E.3d 542, 544 (Ind. Ct. App. 2018)]. To determine whether the legislature intended to create a duty enforceable by private tort action, we look first to see if the statute creates "an express right of action." *Id*. Absent an express right provided in the statute, we consider: "(1) whether the statute or ordinance was designed to protect particular individuals or the public in general and (2) whether it includes an independent enforcement mechanism." *Id*.

*Gresser*, 160 N.E.3d at 190 n.1. A private party may enforce rights under a statute that is designed to protect particular individuals and does not contain an enforcement provision. *Id*.

[18] The statutes at issue in this case do not create an express right of action. *See* I.C. § 9-14-12-1 thru 9. However, the language of Indiana Code Section 9-14-

---

in the instant case do not specifically eliminate common law negligence liability, and the BMV does not claim otherwise.

[8] Neither party asserts that Kelly's statutory claim is one for negligence-per-se. If a defendant had an existing common-law duty of reasonable care, and if a plaintiff argues the defendant's violation of a statute or ordinance proves the breach of that existing common-law duty, then the plaintiff raises a "negligence-per-se" claim. *Gresser*, 160 N.E.3d at 190. Kelly has alleged facts that would support a negligence-per-se claim, in that he has alleged a common law duty of care, the breach of that duty by violation of specified statutes, and causation.

However, on appeal, the parties only address whether Kelly's statutory claim involves a private-right-of-action, i.e., even if there is no common law duty, a statute or ordinance created a duty enforceable by a plaintiff against a defendant. *Id*. Therefore, we address only the private-right-of-action issue.

12-3 indicates an intent to protect particular individuals—i.e., "each individual licensed by the [BMV]." "For each" such individual, that statute provides that the BMV must "create and maintain a driving record that contains" specified information, including convictions for moving traffic violations, administrative penalties imposed by the BMV, and "suspensions, revocations, or *reinstatements* of the individual's driving privileges, license, or permit." I.C. § 9-14-12-3(a)(1), (3) (emphasis added).

[19] Furthermore, the statutory scheme of Indiana Code Chapter 9-14-12, entitled "Records of the [BMV]," does not contain an enforcement provision. The BMV asserts that the "comprehensive enforcement mechanism" of Indiana Code Chapter 9-33-2 applies to driving records referenced in Indiana Code Chapter 9-14-12, but that is not so. Appellee's Br. at 17. Indiana Code Section 9-33-1-1[9] specifically states to which articles of the code Indiana Code Article 9-33 applies, and Indiana Code Article 9-14 is not one of those articles.

---

[9] I.C. § 9-33-1-1 states, in full:

> This article applies to the following:
> (1) Actions taken under a court order.
> (2) Actions required under IC 9-24-2-1, IC 9-24-2-2, or IC 9-24-2-4.
> (3) Actions required under IC 9-24-6 (before its repeal on July 1, 2016).
> (4) Actions required under IC 9-24-6.5-6(c) (before its repeal on July 1, 2016).
> (5) Actions taken under IC 9-24-6.1.
> (6) Actions required under IC 9-25.
> (7) Except for a hearing requested under IC 9-28-2-9(c), actions taken under IC 9-28.
> (8) Actions required under IC 9-30.

[20] Kelly stated a statutory claim for which relief may be granted because Indiana Code Section 9-14-12-3 confers a private right of action. The trial court erred to the extent it dismissed the complaint because it found otherwise.

## Defense of Contributory Negligence

[21] The BMV contends that Kelly's complaint was appropriately dismissed for failure to state a claim because Kelly's "claim is barred by contributory negligence." Appellee Br. at 20. "[A] complaint does not fail to state a claim merely because a meritorious defense may be available." *Bellweather Props., LLC v. Duke Energy Ind., Inc.*, 87 N.E.3d 462, 464 (Ind. 2017); *see also Payne-Elliott v. Roman Catholic Archdiocese of Indianapolis, Inc.*, 193 N.E.3d 1009, 1013 (Ind. 2022) ("Dismissal [for failure to state a claim] is rarely appropriate when the asserted ground for dismissal is an affirmative defense[.]"). However, dismissal pursuant to Trial Rule 12(B)(6) is appropriate where the "plaintiff has pleaded himself out of court by alleging, and thus admitting, essential elements of the defense." *Payne-Elliott*, 193 N.E.3d at 1013.

[22] Here, Kelly did not plead facts or make any allegations that could be construed as admitting to being contributorily negligent. The BMV alleges that Kelly was contributorily negligent by having "poor driving habits" as shown by Kelly's "overall driving record," but Kelly's complaint only addressed his driving

---

(9) Refunds claimed after June 30, 2016, of fees imposed by the bureau.

(10) Actions taken under IC 9-22-1-4.

record from August 2020 to the present and did not state any facts showing "poor driving habits." Appellee's Br. at 20. Rather, the complaint only raised the BMV's failure to correct Kelly's driving record to show that he did not have any convictions or suspensions.

[23] The BMV also asserts that Kelly was contributorily negligent by failing to exhaust the administrative remedies available under Indiana Code Section 9-33-2-3; however, as discussed above, the remedies under that statute are not applicable to Kelly's complaint.

[24] Finally, the BMV maintains that Kelly's "repeated choice to drive even though he should have known his license was suspended also negligently contributed to [the] damages" he incurred for driving with a suspended license. Appellee's Br. at 21. Presumably, the BMV refers to the $1000 Kelly was fined on May 24, 2021, for driving with a suspended license. However, Kelly did not claim that he was entitled to be repaid the $1000 fine; rather, his only complaint for damages was for the "physical, mental, and financial" damages he incurred due to his inability to work in his field without a driver's license. *See* Complaint, App. at 9. Kelly did not "plead himself out of court" by alleging and admitting the essential elements of the BMV's contributory negligence defense. *Payne-Elliott*, 193 N.E.3d at 1013.

## Conclusion

Kelly's complaint contains a short and plain statement of his claim that gives the BMV notice of what he alleges to have taken place and that he plans to pursue a negligence theory of liability; that is sufficient under Indiana's notice-pleading system. Moreover, Kelly's complaint did not plead him out of court by admitting the essential elements of the BMV's contributory negligence defense. Therefore, the trial court erred when it granted the BMV's motion to dismiss for failure to state a claim.

We reverse and remand for further proceedings.

Crone, J., and Pyle, J., concur.

ATTORNEY FOR APPELLANT

Daniel K. Burke
DKB Legal LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Frances Barrow
Supervising Deputy Attorney General
Indianapolis, Indiana